**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 93-3736

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS JOHNSON,

Defendant-Appellant.

**CONSOLIDATED WITH**

No. 93-3740

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL SHELTON,

Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana

(September 13, 1994)

Before POLITZ, Chief Judge, DUHÉ and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

Convicted on guilty pleas of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, Curtis Johnson and Darryl Shelton appeal their sentences. Concluding that the downward departure provision of the Sentencing Guidelines may have been incorrectly applied, we vacate the sentences and remand.

## Background

Johnson, Shelton, and Amos Conde attempted to purchase five kilograms of cocaine from an undercover DEA agent. After they viewed the cocaine and showed the DEA agent their money, the men were arrested. Curtis, Shelton, and Conde were indicted for conspiracy to distribute cocaine and attempted possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. They pleaded guilty to the conspiracy count and the possession count was dismissed.

Prior to sentencing the government filed section 5K1.1 motions requesting downward departure in the sentencing of Johnson and Shelton based on their assistance to the government. Johnson and Shelton asked for greater departures than the 10 months suggested by the government. The district court accepted the government's recommendations and sentenced Johnson to 60 months imprisonment and Shelton to 77 months imprisonment. Both timely appealed and their appeals were consolidated.

## Analysis

Johnson and Shelton received downward departures in their sentences pursuant to U.S.S.G. § 5K1.1, which provides:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

When the government files a section 5K1.1 motion, the sentencing court may depart below the guideline range if it finds that substantial assistance was rendered to the government. The propriety and extent of the departure must be determined by the court, based on its evaluation of the facts and circumstances of the case.[1] The government's evaluation and recommendation, while deserving substantial weight,[2] is but one factor to be considered in this equation.[3] As the commentary to section 5K1.1 explains,

---

[1]**United States v. Mariano**, 983 F.2d 1150 (1st Cir. 1993); **United States v. Francois**, 889 F.2d 1341 (4th Cir. 1989), cert. denied, 110 S.Ct. 1822 (1990).

[2]U.S.S.G. § 5K1.1, comment. (n.3).

[3]See **Mariano**; **United States v. Keene**, 933 F.2d 711 (9th Cir. 1991); see also **United States v. Stowe**, 989 F.2d 261 (7th Cir.

"[t]he nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis."[4]   Thus, when ruling on a section 5K1.1 motion, the sentencing court must exercise its independent judgment and discretion first to determine whether departure is warranted and, finding such, the extent of that departure.[5]  In doing so the court is free to deny departure or to grant a departure which is greater or smaller than that recommended by the government.[6]

Johnson and Shelton contend that the district court abdicated its duty to conduct an independent inquiry into their cases to determine the appropriate departure.  They claim that the court, based on a self-imposed policy, apparently felt compelled to adopt automatically the recommendations of the government.  Johnson and Shelton underscore the court's response to their pleas for a greater departure.  The court explained that although "technically speaking, [it could] do it . . . [it had] the power," "[its] policy is, [it doesn't] do it."  When counsel suggested that "just taking the government's recommendation is not acting independently," the

---

1993).

[4]U.S.S.G. § 5K1.1, comment.

[5]**Mariano; United States v. Spiropoulos**, 976 F.2d 155 (3d Cir. 1992); **United States v. Udo**, 963 F.2d 1318 (9th Cir. 1992); **United States v. Munoz**, 946 F.2d 729 (10th Cir. 1991); **United States v. Richardson**, 939 F.2d 135 (4th Cir.), <u>cert</u>. <u>denied</u>, 112 S.Ct. 599 (1991), and <u>cert</u>. <u>denied</u>, 112 S.Ct. 942 (1992); **Keene; United States v. Damer**, 910 F.2d 1239 (5th Cir.), <u>cert</u>. <u>denied</u>, 111 S.Ct. 535 (1990); **United States v. Castellanos**, 904 F.2d 1490 (11th Cir. 1990); **United States v. Pippin**, 903 F.2d 1478 (11th Cir. 1990).

[6]**Spiropoulos; Udo; United States v. Cheng Ah-Kai**, 951 F.2d 490 (3d Cir. 1990); **Keene; Damer; Pippin**.

4

court responded that "[it's] not acting independently. . . . [T]he government is in the best position" to know what downward departure is appropriate. Johnson and Shelton contend that these comments clearly demonstrate that, as a matter of policy, the court has bound itself to accept the recommendation of the government on matters of downward departure. They urge that such a policy constitutes an inappropriate abdication of the court's responsibility, effectively placing same in the hands of the prosecutor.[7]

It is not clear from the record whether the district court felt compelled, as appellants suggest, to deny a departure greater than that recommended by the government. Although the court referred to its power and discretion in determining whether and to what extent to depart, the record leaves open the question whether the court also adequately recognized its duty to evaluate independently each defendant's case before making the section 5K1.1 determinations. The mere verbal acknowledgment of the power to deny the government's motion, or to deviate from its recommendation, does not suffice to acquit the court's responsibilities. The court is charged with conducting a judicial inquiry into each individual case before independently determining

---

[7]See **Cheng Ah-Kai** and **Keene** (while prosecutor is in best position to know whether defendant's cooperation was helpful, extent of assistance and its impact on the sentence are matters left to sentencing judge); see also **United States v. Hartford**, 489 F.2d 652 (5th Cir. 1974) (pre-guidelines case) (court policy of imposing maximum penalty in all narcotics offenses held improper abdication of duty to consider each defendant's case individually based on all relevant facts).

5

the propriety and extent of any departure in the imposition of sentence.[8]  While giving appropriate weight to the government's assessment and recommendation, the court must consider all other factors relevant to this inquiry.[9]  Because of the uncertainty of the factors considered by the court *a` quo*, and to ensure the appropriate disposition of these matters, we VACATE the sentences of Johnson and Shelton and REMAND for resentencing consistent herewith.[10]

---

[8]See U.S.S.G. § 5K1.1, comment.; see also **Mariano; Keene; Castellanos**.

[9]See **Mariano; Keene; Castellanos**.

[10]Although the government argues that the defendants failed to adduce evidence relevant to their cooperation and warranting further departure, we do not reach this issue.  The district court did not articulate the basis for its refusal to depart from the guideline computation by more than 10 months.  It is not for us to say, in the first instance, whether the defendants' proffered reasons justify a greater reduction in their sentences.  That is first for the sentencing judge.