

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-1995

# United States v King

Precedential or Non-Precedential:

Docket 93-2087

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"United States v King" (1995). *1995 Decisions.* Paper 112.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NOS. 93-2087, 93-2088
_____

UNITED STATES OF AMERICA,

Appellee

v.

JOCKO KING,

Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Cr. Nos. 92-632-1 and 93-40-08)
_____

Argued:  March 9, 1995

Before: BECKER, SCIRICA, Circuit Judges, and
WOOD, Senior Circuit Judge[*]

(Filed  April 26, l995 )

WILLIAM T. CANNON, ESQUIRE (ARGUED)
2540 PSFS Building
12 South 12th Street
Philadelphia, PA   19107

Attorney for Appellant

MICHAEL R. STILES, ESQUIRE
United States Attorney
WALTER S. BATTY, JR., ESQUIRE
United States Attorney
WILLIAM C. NUGENT, ESQUIRE (ARGUED)
United States Attorney
Room 1250
615 Chestnut Street
Philadelphia, PA 19106

_____

[*].  The Honorable Harlington Wood, Jr., United States Senior
Circuit Judge for the Seventh Circuit, sitting by designation.

_____

OPINION OF THE COURT

_____

BECKER, Circuit Judge.

This is an appeal by defendant Jocko King from the judgment of the district court in a criminal case following his plea of guilty to drug and related firearms charges. The sole issue on appeal is the propriety of the sentence of 480 months on Counts 1, 2, 31, and 33 of Indictment No. 93-40-8, to which King pled guilty,[1] and more particularly the propriety of the district court's statement that its decision to depart downward by three levels under § 5K1.1 of the United States Sentencing Guidelines (for substantial cooperation) was a function of its sentencing "practice." Because the § 5K1.1 departure scheme requires the exercise of discretion centering upon the nature and extent of cooperation and does not admit of any sentencing "practice," we vacate and remand.

I.

King was one of the leaders of a major cocaine conspiracy. Based upon drug quantity, specific offense characteristics, and role in the offense, his adjusted offense level for purposes of guidelines sentencing was 48, which was reduced to 45 because, as the government conceded, King accepted

_____

[1]. A concurrent sentence was imposed on No. 92-632-01, the other count to which King pled guilty.

responsibility, and hence was entitled to a two- or three-level downward adjustment (the court chose three).  King also cooperated with the government,[2] resulting in a § 5K1.1 certification which enabled the court to depart downward from the guidelines range.  Although the court's discretion to depart downward was not constrained by any mechanical formula, but only the criteria set forth in § 5K1.1, see infra, and the exercise of its discretion, the court handled the matter as follows:

> Now, my practice, when I grant a § 5K1.1 motion, is to go down three levels, three additional levels, on the theory if Acceptance of Responsibility is worth three levels, Substantial Cooperation should be worth the same.

App. at 63 (emphasis added).  This three-level departure reduced the guideline level to 42 which, coupled with defendant's criminal history score of VI, led to a guidelines range of 360 months to life.  As noted, the court imposed a sentence of 480 months.  King submits that the court erred as a matter of law in tying its departure to a mechanical rule instead of exercising its discretion.  In King's view, this error necessitates vacatur of the sentence and remand for reconsideration.

King was part of a multiple defendant drug conspiracy involving two other leaders and numerous subordinates.  The government contends that, whatever the district court may have said, its sentencing of the other defendants in this conspiracy case demonstrates that it had no mechanical policy of departing

---

[2].  Indeed, his cooperation was quite significant, and was important in convicting his co-kingpins.

down three levels for substantial cooperation in response to the government's § 5K1.1 motions.  It is true that the court did depart in quite different degrees with respect to co-defendants Keith Ellis, Thomas Jones, Fred McDuffie, Gregory Miller, Charles Ranier, William Richardson and Nathaniel Richardson.  It is also true that the court delivered a statement of reason for King's sentence in which it explained its decision to depart downward (only) three levels in response to the § 5K1.1 motion, despite defendant's significant cooperation.[3]  Nevertheless, for the

_____

[3].  The statement was as follows:

> This will constitute my sentence of 480 months, being one-third more than the minimum sentence in the applicable guideline range of 360 months to life.
>
> This range is based upon a total offense level of 42, a Criminal History of VI, the latter being the result of King's prior sentences, noted in the presentence report, for a variety of convictions detailed in the presentence report.
>
> Based on the life history detailed in the presentence report, King is manifestly a defendant without the slightest concern for the value of human life.  At the age of 15, he apparently considered it something of a sport to go to the roof of a house and start firing indiscriminately, ultimately shooting Hilda Young in the back, causing her death.  He also thought nothing five years later of punching his wife so hard that she dropped one of his many children to the floor.  Besides injuring the head and body of the infant, he beat up the mother of the child until she lost consciousness.  It also has not escaped our attention that the quantity of cocaine base for which King was responsible exceeded the maximum limit in § 2D1.1 by a factor of 15.6.
>
> The only way to protect society from this man is to be sure that he spends most of the rest of his life in custody.  It is, in fact, difficult to imagine who else would qualify as more deserving of the maximum

reasons that follow, we do not believe that these factors are sufficient to obviate the necessity of resentencing.

## II.

The language of § 5K1.1 directs a sentencing court to gauge the extent and quality of the defendant's cooperation in deciding how many levels to depart downward in exchange for this cooperation. Section 5K1.1 provides:

> (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
>
> > (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
> >
> > (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> >
> > (3) the nature and extent of the defendant's assistance;
> >
> > (4) any injury suffered, or any danger or risk of injury to the

(..continued)

> penalty than this man who presided over the distribution of upwards of 7.5 <u>million</u> vials of crack cocaine over a period of at least six years, enough to supply each citizen of Philadelphia with five vials. But for the Government's twelfth-hour motion under U.S.S.G. § 5K1.1, the sentence would have been at the maximum.
>
> Under the circumstances, however, I have no hesitation in imposing a sentence ten years longer than the minimum in the offense level I have applied.

Order of Nov. 10, 1993 at 1-2 (footnote omitted).

                    defendant or his family resulting
                    from his assistance;

                    (5)  the timeliness of the
                    defendant's assistance.


U.S.S.G. § 5K1.1 (emphasis added).

        The Background Commentary to this provision under the

Application Note underscores the section's intent that sentencing

judges determine the appropriate departure by considering the

nature of each defendant's cooperation.  The Application Note

explains:
                    A defendant's assistance to authorities in
                    the investigation of criminal activities has
                    been recognized in practice and by statute as
                    a mitigating sentencing factor.  The nature,
                    extent, and significance of assistance can
                    involve a broad spectrum of conduct that must
                    be evaluated by the court on an individual
                    basis.


Application Note to U.S.S.G. § 5K1.1 (emphasis added).  A proper

exercise of the district court's discretion under § 5K1.1,

therefore, involves an individualized qualitative examination of

the incidents of the defendant's cooperation, and would not seem

to admit of the use of sentencing "practices."

        The sentencing jurisprudence also disapproves of

sentencing "practices" in favor of case-by-case consideration.

In United States v. Thompson, 483 F.2d 527 (3d Cir. 1973), for

example, we made it clear that it was unacceptable for a district

judge to sentence on the basis of a personal "sentencing policy."

And in United States v. Kikumura, 918 F.2d 1084 (3d Cir. 1990),

we prescribed an approach to departures which required the

sentencing court to consider a number of factors before deciding to depart to a specific degree, again a non-mechanical process. Corroborating this view is United States v. Johnson, 33 F.3d 8 (5th Cir. 1994), where Chief Judge Politz explained:

> The court is charged with conducting a judicial inquiry into each individual case before independently determining the propriety and extent of any departure in the imposition of sentence. While giving appropriate weight to the government's assessment and recommendation, the court must consider all other factors relevant to this inquiry.

Id. at 10 (footnote omitted). We agree. In Johnson, the court vacated and remanded for resentencing in order to insure that discretion was exercised.

### III.

As we have noted, the able district judge in this case provided a detailed rationale for its sentence, see supra n.3, rescribing the court's statement. However, that statement does not, as required by § 5K1.1, analyze the cooperation itself, as opposed to the crime or the defendant. Moreover, the otherwise detailed statement of reasons was delivered, by its own terms, only to explain why the court sentenced defendant above the minimum of the applicable guideline range of 360 months to life, not to explain why the court chose the three-level adjustment.

We acknowledge that the district court did not follow any "practice" in sentencing the co-defendants, but we cannot simply assume that it was not doing so here or that it was in fact exercising discretion in deciding to depart downwards by

three levels in response to the § 5K1.1 motion.  Rather, we think we must take the court at its own word; for this defendant at least, it was apparently following some "practice."

In sum, because both the language of the provision and the guideline case law clearly proscribe these sentencing "practices" and instead mandate individualized, case-by-case consideration of the extent and quality of a defendant's cooperation in making downward departures under § 5K1.1, we conclude that the district court erred as a matter of law in what, at least on the face of the record, appears to have been a mechanical application of the guidelines to this one defendant in the conspiracy.[4]  The judgment will therefore be vacated and the case remanded for resentencing consistent with this opinion.  We intimate no view as to how the district court should exercise its discretion as to the § 5K1.1 departure on remand.

———————————————

---

[4].  We thus have appellate jurisdiction.  18 U.S.C. § 3742(a)(1).