**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4086

KHALID GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-95-136)

Submitted: October 17, 1996

Decided: October 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Daniel Boyce, BOYCE LAW FIRM, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, John S.
Bowler, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Khalid Green appeals the 72-month sentence he received after he pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996). He maintains that the district court clearly erred in determining the amount of crack for which he was responsible, USSG § 2D1.1,[1] and in finding that he was not a minor participant, USSG § 3B1.2. He also contends that the district court's use of a mechanical sentencing practice in determining the extent of a downward departure from the guideline range based on his substantial assistance, USSG § 5K1.1, was a violation of due process. We affirm the sentence.

Green was arrested while he was waiting at a shopping mall in Raleigh, North Carolina, for 124 grams of crack which was to be delivered to him by a co-conspirator. Green began to cooperate immediately, admitted his involvement with the 124 grams, and told investigators that he had previously received two to four ounces of crack for distribution on several occasions. Using an estimate of three ounces of crack on two occasions (170.1 grams), the probation officer recommended that 292 grams of crack be attributed to Green for sentencing purposes.

Green contested the recommendation but provided no evidence to the contrary at the sentencing hearing. Instead, he argued that his statements about additional amounts should not be considered because they could have been protected under USSG§ 1B1.8 if he had had a cooperation agreement at the time. However, Green had no agreement. The district court found that Green was responsible for the 292 grams with which he had admitted his involvement. We find that

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

the court did not clearly err in doing so, and that it made adequate findings to resolve the issue. Green also contended that he should receive a minor role adjustment, but put on no evidence concerning his part in the conspiracy. A participant in a drug conspiracy who distributes drugs does not have a minor role. United States v. Brooks, 957 F.2d 1138, 1149 (4th Cir.), cert. denied, 505 U.S. 1228 (U.S. 1992). The district court did not clearly err in denying Green the adjustment.

Finally, Green argues that the district court violated due process in departing downward from the guideline range of 87-108 months because the court mentioned that, for consistency, it usually considered a 25% departure for cooperation to be a proper departure for substantial assistance, but would impose a lower sentence if the defendant had been put at risk or participated in controlled transactions. Green contends that the employment of such a sentencing practice was an incorrect application of the sentencing guidelines which deprived him of an individualized sentence and of an alternative to imprisonment. He relies on United States v. King , 53 F.3d 589, 591-92 (3d Cir. 1995), and United States v. Johnson , 33 F.3d 8, 10 (5th Cir. 1994), which held that such practices prevent an individualized assessment of the defendant's cooperation.[2]

Green's argument fails for the following reasons. He was aware of the court's practice, but made no objection to it. Such a practice cannot be termed plain error under Fed. R. Crim. P. 52(b). See United States v. Cosgrove, 73 F.3d 297, 303 (11th Cir. 1996). Moreover, the record discloses that Green received an individualized sentence. The government related in detail Green's assistance and willingness to do as much as he could to cooperate. Green then requested that he be sentenced to boot camp; to qualify, he needed a sentence of no more than 30 months. However, the government expressed a reservation about Green's suitability for boot camp because he returned to selling crack within days after he was arrested on state crack charges in May 1995 and agreed to participate in a felony drug diversion program.

_____

[2] Under USSG § 5K1.1, the court may consider the significance, usefulness, nature, extent and timeliness of the defendant's assistance, the truthfulness, completeness and reliability of information provided by him, and any injury, danger, or risk of injury suffered by him.

The court imposed a sentence of 72 months imprisonment. It is a reasonable inference that the court's decision to forego boot camp (Green's real complaint) had as much to do with Green's behavior after he received lenient treatment in state court as with its sentencing practice.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4