# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ERIC LEONARD GADSON,
*Defendant-Appellant.*

No. 02-4135

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ERIC LEONARD GADSON,
*Defendant-Appellant.*

No. 02-4149

Appeals from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CR-00-917-5, CR-01-552)

Submitted: August 26, 2002

Decided: September 9, 2002

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attor-

ney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Eric Leonard Gadson seeks to appeal the sentence of forty-eight months imprisonment with a consecutive 240-month term which he received after he pled guilty to two counts of armed bank robbery, 18 U.S.C. §§ 2113(a), (d), 2 (2000), and using or carrying a firearm in a crime of violence in violation of 18 U.S.C. § 924(c) (2000) (his second such offense), and also entered a guilty plea to an information charging that he conspired to commit armed bank robbery in violation of 18 U.S.C. § 371 (2000).* Gadson claims that the district court failed to make an individualized evaluation of his cooperation when it determined the extent of his substantial assistance departure, *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (1997), 18 U.S.C. § 3553(e) (2000). For the reasons explained below, we dismiss the appeal.

This court does not review a defendant's appeal of the extent of a downward departure unless the departure resulted in an illegal sentence or resulted from an incorrect application of the guidelines. *United States v. Hill*, 70 F.3d 321, 324 (4th Cir. 1995) (citing 18 U.S.C. § 3742(a) (2000)). Gadson argues that his sentence was imposed both in violation of law and as a result of an incorrect application of the guidelines because the district court relied on a mechanical formula to determine the extent of the departure, instead of

---

*The information was initially filed in the Southern District of Georgia and was transferred to the District of South Carolina pursuant to Fed. R. Crim. P. 20.

making an individualized evaluation of the nature of his cooperation and its value to the government. Gadson's appeal rests solely on the district court's statement that "I normally grant a three level departure for the kind of cooperation that has been given to date in this case." The court's statement came after the government had described Gadson's assistance at length and in very positive terms. The government informed the court that Gadson had "done a very thorough, very complete job of cooperation, given full and truthful cooperation [and] as a direct result of his assistance we got several bank robbery cases resolved."

Gadson's case is distinguishable from *United States v. King*, 53 F.3d 589, 591-92 (3d Cir. 1995), and *United States v. Johnson*, 33 F.3d 8 (5th Cir. 1994), cases which find fault with the district court for failing to make an independent or individualized determination of the defendant's cooperation, because here the court's statement that it usually gave a three-level departure for the kind of cooperation that Gadson had provided does not establish that it failed to evaluate his cooperation individually. Rather, the court's statement suggests that it reserved a three-level departure for cooperation which was unusually extensive and beneficial to the government. While it would have been helpful to have the court explain its departure decision more fully, we cannot find that the district court imposed an illegal sentence or incorrectly applied the guidelines.

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*