

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2003

# USA v. Suarez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4340

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Suarez" (2003). *2003 Decisions.* Paper 466.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/466

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-4340/4341/4412/4413/4414

UNITED STATES OF AMERICA
v.
BERNARDO BERMUDEZ SUAREZ,
Appellant No. 02-4340

_____

UNITED STATES OF AMERICA
v.
JORGE SILVO BUSOT-ALFONSO,
Appellant No. 02-4341

UNITED STATES OF AMERICA
v.
TERESA CUNI PEREZ,
Appellant No. 02-4412

_____

UNITED STATES OF AMERICA
v.
YOANDRA VELAZQUEZ,
Appellant No. 02-4413

_____

UNITED STATES OF AMERICA
v.
RODOBALDO RODRIGUEZ,
Appellant No. 02-4414

On Appeal from the District Court of the Virgin Islands (St. Croix)
District Judge: Thomas K. Moore
D.C. Criminal Nos. 02-cr-00070, 02-cr-00063, 02-cr-00064, 02-cr-00065, 02-cr-00069

Argued: May 1, 2003
Before: Roth, McKee & Cowen, Circuit Judges
(Filed:  June 10, 2003)

Douglas J. Beevers, Esq. **(Argued)**
Office of Federal Public Defender
P.O. Box 1327, 51B Kongens Gade
Charlotte Amalie, St. Thomas USVI, 00804
        *Attorney for Appellant*

Nelso L. Jones, Esq.**(Argued)**
Office of Unites States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas USVI, 00802-6924
        *Attorney for Appellee*

OPINION OF THE COURT

PER CURIAM

Defendants appeal the sentence that was imposed following the plea of guilty that each entered after being charged with violating 18 U.S.C. § 1546(a). For the reasons that follow, we will affirm.

Inasmuch as we write only for the parties who are familiar with the background of this appeal, we need not discuss the factual or procedural background except insofar as maybe helpful to our brief discussion. Defendants raise only a single issue on appeal. They contend that the district court imposed sentences on each of them pursuant to a "practice" that "amounted to a fixed personal sentencing policy rather than the case-by-case consideration required by *U.S. v. King*, 53 F.3d 589, 591 (3d Cir. 1995)." Appellant's Br. at 7. Each of the defendants was sentenced to a period of three months incarceration with credit for time served. Prior to sentencing, the district court asked defense counsel if there was any objection to sentencing all of the defendants charged in

2

this case at the same time, and counsel stated that he had no objection. Inasmuch as defendants did not object before the district court, we review only for plain error. *U.S. v. Olano*, 507 U.S. 725, 734-5 (1993).

Appellants seek to establish that they were sentenced pursuant to some "practice" in violation of *U.S. v. King*. Although remarks of the district court during the sentencing procedure lend some credence to this argument when taken out of context, it is clear to us that the sentences that were imposed were not imposed pursuant to the kind of practice that we criticized in *King*. There, the district court had a practice of determining a certain fixed number of levels to depart downward under U.S.S.G. § 5k1.1. We noted that such a standardized practice deprived defendants of the individualized examination that each was entitled to at sentencing. Here, the fact that each of the defendants received the same sentence results not from a "common practice", but from the fact that each of the defendants was convicted of identical crimes under identical circumstances, each of the sentences imposed was within the Sentencing Guidelines range for the offense of conviction, and the district court's individualized scrutiny of each defendant's background and circumstances did not justify imposing a sentence of other than three months on any of the defendants.

The district court explained:

> While, I listen very carefully. I read the presentence reports.
> And Mr. Beevers is aware, at least, that is my practice, for
> persons such as defendants here have the ability fortuitously
> to be able to, even though the charge with immigration

3

offenses, to be able to be released and not spend the time in jail, that I find it difficult to treat them differently from persons that has spent their last dollar getting their document or paying the smuggler, and therefore have no contact, in the Virgin Islands or in the Continental United States, to be able to be released on bail pending their appeal.

App. at 64. The court's explanation of the rationale for imposing similar sentences differentiates these sentences from those we condemned in *King*. Moreover, the court's explanation also disposes with the defense argument that appellants were penalized for exercising their right to bail.

The district court must weigh several factors in order to avoid unwarranted sentencing disparities among defendants with similar records who are convicted of similar conduct. 18 U.S.C. § 3553(a)(6). Here, inasmuch as each was convicted of identical immigration violations accomplished the same way, there was no basis of distinguishing among the defendants individual criminal conduct. In imposing sentence, the court merely explained that it did not believe it was fair to sentence defendants who had the resources to obtain bail in a manner which gave them an unfair and unwarranted advantage over defendants with inadequate resources to make bail. Rather than penalizing defendants for their right to bail as defendants contend, the court's explanation merely reflects an appropriate concern over imposing sentences which treat all of the defendants fairly without penalizing those defendants who lack the resources to be released on bail pending sentencing. We find no error in these sentences, let alone any plain error. Accordingly, we will affirm.

4