United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40227
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LYNN COFFMAN, JR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CR-13-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronald Lynn Coffman, Jr., appeals his guilty-plea conviction and sentence for possession of a firearm by a convicted felon. Coffman first argues that the district court erred by finding that his prior Texas felony conviction for burglary of a habitation was a crime of violence under U.S.S.G. §§ 4B1.2(a). The district court did not err. See United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005). This court must follow the precedent set by a prior panel unless there is a contrary intervening opinion by the Supreme Court or this court en banc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).

While Coffman acknowledges that the district court imposed a non-guideline sentence pursuant to United States v. Booker, 543 U.S. 220 (2005), he argues that the district court erred by making an upward deviation from the guidelines sentence range to the statutory maximum of 120 months of imprisonment because of his prior criminal history without considering the guidelines rules for upward departures based upon criminal history. He contends that had the sentence been an upward departure under the Guidelines, the district court would have abused its discretion because it did not give an adequate reason for making an upward departure of that magnitude and because the extent of the departure was unreasonable.

The district court followed the proper procedure for imposing a non-guideline sentence by calculating Coffman's guidelines sentence range, using the guidelines range as a frame of reference, and making an upward deviation based upon Coffman's prior criminal history without making an upward departure within the Guidelines. See United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006). Whether an upward departure would have been warranted in this case is immaterial as the district court made an upward deviation outside of the guidelines range instead of an upward departure pursuant to the Guidelines. See id. at 708 n.3.

Coffman asserts that the application of the remedial opinion in <u>Booker</u> to him violates the Due Process Clause and Ex Post Facto Clause. He acknowledges that this court rejected a similar argument in <u>United States v. Scroggins</u>, 411 F.3d 572, 575-76 (5th Cir. 2005), but asserts that <u>Scroggins</u> is distinguishable because the defendant in <u>Scroggins</u> wished to receive the benefit of the merits opinion in <u>Booker</u> without the application of the remedial opinion while he simply wishes to be sentenced under the pre-<u>Booker</u> sentencing scheme. Coffman's argument is without merit. <u>See</u> <u>United States v. Austin</u>, 432 F.3d 598, 599-600 (5th Cir. 2005).

Coffman additionally states that his sentence is unreasonable. However, beyond his arguments regarding upward departures under the Guidelines and his due process and ex post facto arguments, he offers no further argument as to why his sentence is unreasonable. To the extent that Coffman is seeking to argue that his sentence is unreasonable for reasons beyond those discussed above, he has failed to properly brief his arguments and waived them. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Both Coffman and the Government correctly assert that the judgment which provides that Coffman be awarded credit for the time he was in custody on a related state sentence prior to the federal sentencing is ineffectual. <u>See</u> <u>United States v. Wilson</u>, 503 U.S. 329, 333-37 (1992); 18 U.S.C. § 3585(b). To award

Coffman credit for this time, the district court should reduce Coffman's sentence accordingly and note the reason for the reduction in the judgment. See U.S.S.G. § 5G1.3, comment. (n.2). However, when Coffman raised this point at sentencing and in a motion to correct sentence, the district court denied the requests. As the district court sentenced Coffman on the erroneous belief that it could effectively order that Coffman receive credit for this period and the record does not conclusively show that the district court intended to adjust Coffman's sentence, we vacate the sentence and remand the case for the limited purpose of determining whether the sentence should be reduced to award Coffman credit for the time he spent in state custody prior to his sentencing in federal court. See United States v. Barrera-Saucedo, 385 F.3d 533, 536-37 (5th Cir. 2004).

For the first time on appeal, Coffman contends that the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g), is unconstitutional under the Commerce Clause because it criminalizes the possession of firearms that do not substantially affect interstate commerce. Coffman correctly concedes that this argument is foreclosed by circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th Cir. 2001). He raises the issue to preserve it for further review.

CONVICTION AFFIRMED; SENTENCED VACATED AND REMANDED WITH INSTRUCTIONS.