**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4495**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SULEMA VILLAGRANA LOPEZ,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:09-cr-00013-MR-14)

Submitted:  November 4, 2010      Decided:  December 10, 2010

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Heather Golias, LAW OFFICES OF HEATHER GOLIAS, New Haven, Connecticut, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sulema Villagrana Lopez appeals her conviction pursuant to a plea agreement and seventy-eight month sentence for one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 845, 841(a)(1) (2006). Finding no error, we affirm.

Lopez's principal argument on appeal is that the Government's U.S. Sentencing Guidelines Manual § 5K1.1 (2009) and 18 U.S.C. § 3582(c) (2006) motion for a downward departure did not contain sufficient individualized facts about the level of assistance Lopez offered for the district court to properly weigh the degree of assistance given. From this premise, Lopez argues that the Government committed misconduct in making a flawed motion, her trial counsel was constitutionally ineffective for failing to object to the allegedly defective motion, and the Government breached the terms of the plea agreement in making the motion as it did.[*] The Government has filed a brief responding to Lopez's claims and also challenging the court's jurisdiction over the appeal.

---

[*] We note that the district court did grant the Government's downward departure motion, reducing Lopez's offense level by one level, and then sentencing her at the low end of her revised advisory Guidelines range.

## I.  Jurisdiction

Appeals of sentences are governed by 18 U.S.C. § 3742 (2006).  United States v. Hill, 70 F.3d 321, 323-24 (4th Cir. 1995).  Section 3742(a) confers jurisdiction on this court to hear appeals of a sentence if it was:  (1) imposed in violation of law; (2) imposed as a result of an incorrect application of the Guidelines; (3) greater than the sentence specified in the applicable guideline range; (4) imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.  18 U.S.C. § 3742(a); Hill, 70 F.3d at 323-24.  To the extent, therefore, that an appeal is a challenge to the amount of a downward departure, this court lacks jurisdiction to hear that appeal.  See Hill, 70 F.3d at 324.  Even in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court lacks authority to review a sentencing court's decision to depart (and to what degree) "unless the court failed to understand its ability to do so."  United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).

The Government alleges that this appeal is an attempt to evade this court's jurisdictional limitations by couching a challenge to a downward departure in the language of prosecutorial misconduct and ineffective assistance of counsel.  We do not agree.  Though Lopez's ultimate goal may be to gain

greater leniency from a future downward departure motion, the court does have jurisdiction over the claims that she raises — namely, that the sentence was imposed in violation of the law because it was the result of prosecutorial misconduct and the breach of a plea agreement.

## II.  Prosecutorial Misconduct

Lopez claims that the Government committed reversible misconduct by failing to provide "individualized facts" in its USSG § 5K1.1 and 18 U.S.C. § 3582(c) motion.  Her claim is essentially that had the Government proffered a more detailed downward adjustment motion, the district court may have been more willing to depart below the motion's recommendation.  To succeed on a claim of prosecutorial misconduct, the defendant must prove that the prosecution's conduct was, in fact, improper, and that she was deprived of a fair trial because of the prejudicial conduct.  United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007).  Because Lopez did not raise this claim in the district court, this court reviews for plain error, affirming unless an error was made, the error was plain, and the error affected Lopez's substantial rights.  See United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005).

Lopez cites to cases from our sister circuits that have reviewed a district court's ruling on a downward departure

4

motion to ensure the court offered an adequate statement of reasons explaining the degree of assistance provided. See, e.g., United States v. Johnson, 33 F.3d 8 (5th Cir. 1994); United States v. King, 53 F.3d 589 (3d Cir. 1995). The merits of those decisions aside, they do not apply to this case. Even if those cases represented the law of this circuit, they impose a burden on the district court, not the prosecutor. We cannot, therefore, find that any plain error was committed in the manner in which the Government filed its downward departure motion.

III. Ineffective Assistance of Counsel

Lopez next argues that counsel was ineffective for failing to object to the supposedly defective downward departure motion. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant generally must bring her claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

5

We have reviewed the record, and because it does not clearly appear that the downward departure motion was inadequate or otherwise defective, we decline to hold that ineffective assistance of counsel appears conclusively on the face of the record. Accordingly, this claim is not cognizable on direct review.

## IV. Breach of Plea Agreement

Lopez finally claims that the Government breached the plea agreement. Her claim is based on her allegation that the Government was required to present more individualized facts to the sentencing court in its motion for a downward departure.

When the defendant raises an issue concerning a breach of the plea agreement for the first time on appeal, the breach is reviewed under a plain error standard. See United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). In addition to the requirements for plain error discussed above, the Supreme Court has recognized that where "the effect of an alleged error is . . . uncertain . . . a defendant cannot meet [her] burden of showing that the error actually affected [her] substantial rights." Jones v. United States, 527 U.S. 373, 394-95 (1999).

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain. United States v. Bowe, 257 F.3d 336, 345 (4th Cir. 2001). Because of

6

constitutional and supervisory concerns, the government is held to a greater degree of responsibility for imprecisions or ambiguities in plea agreements. United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir. 1986). Where an agreement is ambiguous in its terms, the terms must be construed against the government. Id. at 303. However, in enforcing agreements, the government is held only to those promises it actually made. United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

Here, the plea agreement stated that if Lopez offered assistance, "[t]he United States, in its sole discretion, [would] determine whether the assistance has been substantial." The agreement continued, stating that "[u]pon a determination that the defendant has rendered substantial assistance, the government may make a motion pursuant to [USSG] § 5K1.1[.]" The Government argues that the agreement does not, by its terms, require them to file a downward departure motion, and that in any event, the Government did file such a motion.

Again, without reaching the dubious claim that the Government's downward departure motion was insufficient, we conclude that because the Government was not, in any event, required to file a motion, no breach of the plea agreement occurred.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

7

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED