**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2011

No. 10-20663

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO PEREZ-GUTIERREZ, also known as Sergio Gutierrez Perez, also known as Sergio Perez Gutierrez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-182-1

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Sergio Perez-Gutierrez appeals the district court's refusal to reduce his Guidelines sentence to take into account time spent in state custody for a related offense. Perez-Gutierrez asserts that the district court erred by refusing to consider reducing Perez-Gutierrez's sentence based on time spent in state custody after he was discovered by immigration officials. For the foregoing reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20663

In 1999, Perez-Gutierrez was convicted of two counts of aggravated robbery and was sentenced to 10 years in prison. After serving approximately 7 years, Perez-Gutierrez was paroled, released directly into immigration custody, and deported to Mexico. Nearly two years later, Perez-Gutierrez was pulled over in Houston, Texas, for running a red light. His parole for the robbery offenses was revoked due to his illegal presence in the United States, and he served 24 months in state custody on parole revocation. Perez-Gutierrez was then turned over to immigration custody and, a month later, to federal custody, where he pleaded guilty to one count of illegal reentry into the United States following conviction of an aggravated felony under 8 U.S.C. § 1326. The Guidelines sentencing range for the illegal reentry charge was 46-57 months in prison. The district court departed downward by 5 months, giving Perez-Gutierrez credit for the one month he spent in immigration custody, and taking into consideration the length of time that had passed since his prior offenses as well as his "effort to get his life on track." The district court refused to consider the time Perez-Gutierrez spent in state custody. The court ordered a 41-month sentence.

Perez-Gutierrez argues that we should reverse and remand for re-sentencing, so that the district court can reconsider whether his sentence should be reduced by the amount of time he spent in state custody. Under *United States v. Barrera-Saucedo*, 385 F.3d 533 (5th Cir. 2004), "it is permissible for a sentencing court to grant a downward departure to an illegal alien for all or part of time served in state custody from the time immigration authorities locate the defendant until he is taken into federal custody." *Id.* at 537. Perez-Gutierrez contends that the district court held the mistaken belief that it did not have the authority to grant a downward departure based on time spent in state custody, and thus committed reversible error.

"This Court has jurisdiction to review a district court's refusal to grant a downward departure from the Guidelines only if the refusal was based on an

error of law." *Barrera-Saucedo*, 385 F.3d. at 535 (citing *United States v. Buck*, 324 F.3d 786, 797 (5th Cir. 2003)). "'A refusal to grant a downward departure is a violation of law only if the court mistakenly assumes that it lacks authority to depart.'" *United States v.* Cooper, 274 F.3d 230, 248 (5th Cir. 2001) (quoting *United States v. Yanez-Huerta*, 207 F.3d 746, 748 (5th Cir. 2000)). "Thus, this Court may review the district court's decision only if it refused a downward departure on the mistaken conclusion that the Guidelines do not permit such a departure." *Barrera-Saucedo*, 385 F.3d at 535 (citing *Buck*, 324 F.3d at 797-98); *accord United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008); *United States v. Palmer*, 122 F.3d 215, 222 (5th Cir. 1997). Accordingly, "we have no jurisdiction if the court's refusal is based on its determination that departure is not warranted on the facts of the case." *Palmer*, 122 F.3d at 222. Thus, we may not review the district court's denial of downward departure unless we first find that the court "held a mistaken belief that the Guidelines do not give it the authority to depart." *United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006). We review interpretation and application of the guidelines de novo. *Id.*; *Barrera-Saucedo*, 385 F.3d at 535; *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009).

The central dispute arises from an interaction between the district court and Perez-Gutierrez's defense counsel:

> THE COURT:    Right. State custody two years on parole revocation, and then in federal custody since March 5, 2010?
>
> [Counsel]:    Right.
>
> THE COURT:    Okay.
>
> [Counsel]:    So here's what I'm saying: The Guidelines suggest 46 to 57. I think minus a month for ICE custody is 45. Since he has 24 months of state custody plus 20 - - if I'm adding that right. Anyway, I calculate it - -

No. 10-20663

| | |
|---|---|
| THE COURT: | Wait a minute, stop.  What is it that with this state custody he gets credit for his parole revocation on armed robbery, he gets credit for that in this case?  What's that argument?  I don't even get it. |
| [Counsel]: | Okay, two things:<br>Number one, I presented three other reasons to reduce his sentence.  So I am not just saying, "Oh, give him credit."  That's not the point here. |
| THE COURT: | Because you already know that's not a good argument to me. |
| [Counsel]: | Other than the fact that the Fifth Circuit has said in *Barrera-Saucedo* that the Court can take that into account.  I'm not just making this stuff up. |
| THE COURT: | I understand, but we've had this argument like a million times. |
| [Counsel]: | I'm not going to stop having the discussion. |
| THE COURT: | Okay, I'm not going to stop doing it, then.  As long as we both under[stand] where we are.  I don't get that as a point for credit.  I don't get it.  That's just me.  Maybe somebody else does. |

Defense counsel, in response, urged that "[t]his guy just got two more years on his robbery for basically doing exactly what he's standing in front of the Court for, being in the country illegally" and that, in light of the additional factors Perez-Gutierrez had presented, the district court should give him credit for the time in state custody.

Based on the court's statement that it did not "get it" with respect to Perez-Gutierrez's request for departure based on time served in state custody, Perez-Gutierrez contends that the district court refused his request for downward departure because it did not understand that it had the authority to grant such a reduction.  The Government's position is that the record clearly

4

establishes that the trial court understood it could grant a downward departure based on time served in state custody and, instead, merely declined to do so. We agree with the Government that the district court understood that it could grant a downward departure, but did not find departure warranted on the facts of the case.

Based on our reading of the record as a whole,[1] it appears that the district court did understand its authority to depart downward on the basis of time served in state custody. The court's statement that it didn't "even get it" with respect to Perez-Gutierrez's argument does not indicate that the court did not understand its authority to give credit. Rather, the reference to "get[ting] it" seems to be the court's way of expressing skepticism and seeking clarification regarding Perez-Gutierrez's argument. It is no indication that the court did not understand *Barrera-Saucedo*. This is further supported by the court's statements that it "underst[oo]d" and "had this argument like a million times."

Perez-Gutierrez cites three cases in support of his arguments that we have jurisdiction and that we should remand for re-sentencing. *See United States v. Simmons*, 568 F.3d 564 (5th Cir. 2009); *United States v. Coffman*, 178 F. App'x 389 (5th Cir. 2006); and *United States v. Johnson*, 33 F.3d 8 (5th Cir. 1994). All three are distinguishable. In *Simmons*, we concluded that it was "clear from th[e] record" that the district court held the erroneous belief that it could not depart. 568 F.3d at 569-70. Here, we find no such erroneous belief. In *Coffman*, the district court imposed a higher sentence under the erroneous belief that it could give Coffman credit for time served in state custody via a separate order. 178 F. App'x at 392. Such order was ineffective, and thus the case was

---

[1] *Cf. United States v. Morrison*, 46 F.3d 127, 130 (1st Cir. 1995) ("When determining whether the sentencing court merely refused to exercise its discretionary power to depart, we consider the totality of the record and the sentencing court's actions as reflected therein.").

No. 10-20663

remanded for the limited purpose of determining whether Coffman's sentence should be reduced by the amount of time spend in state custody. *Id.* No such error has occurred here. Lastly, in *Johnson*, the court appeared to have a self-imposed policy of wholly deferring to the Government's recommendation in U.S.S.G. § 5K1.1 departures, despite the fact that that recommendation was "but one factor to be considered in th[e] equation." 33 F.3d at 9-10. *Johnson*, though, was remanded because the court, through its policy of deferring to the government, improperly abdicated its duty to conduct an independent review of multiple factors. *Id.* The record does not indicate such an abdication here.

Because we conclude that the district court understood that it could depart downward on the basis of time served in state custody and merely exercised its discretion in declining to do so, Perez-Gutierrez's sentence is AFFIRMED.