United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30401

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ROBERT GUS "BOBBY" DESSELLE,
also known as Uncle,
also known as Tio, also known as Pops

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana

_____

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

EDITH H. JONES, Chief Judge:

The United States appeals from the extent of the district
court's departure for Desselle's assistance to law enforcement
under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  Because the
district court reversibly erred in allowing improper factors to
govern its decision, we **VACATE** and **REMAND** for resentencing.

### BACKGROUND

Bobby Desselle worked as a funeral director at his
family's funeral home in Baton Rouge.  On the side, he sold large
quantities of cocaine and marijuana, earning a substantial profit
which he laundered through extravagant purchases and business

ventures. In 2004, Bobby Desselle pleaded guilty to money laundering and conspiracy to distribute more than five kilos of cocaine. As part of the plea agreement, Desselle cooperated with officials, and the United States made a motion to reduce Desselle's sentence for his substantial assistance under both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Based on Desselle's "minimal" substantial assistance, however, the United States recommended only a two-level reduction in his base offense level, which would have resulted in a guideline range of 210-262 months. The district court calculated Desselle's total offense level at 39 (which had a guideline range of 262-327 months), granted a ten-level reduction for Desselle's substantial assistance, and sentenced him to eighty-seven months, the minimum within the guideline range after the ten-level reduction was made. The departure reduced Desselle's sentence by sixty-seven percent from the minimum sentence for his calculated offense level and nearly twenty-eight percent from the statutory minimum of ten years.

In so departing and sentencing Desselle, the district court explained that it considered the Guidelines, documents presented to it, and "the medical status of the defendant":

> And I do not at all take what you did, Mr. Desselle, lightly in any factor. You were a major drug dealer here in this area. You, you know, got a lot of folks, you know, wrapped up in a lot of things and – you know, and all of you are now having to serve prison sentences.
> You certainly, I think, were in it to make money, and you made a lot of money. And your money has been forfeited and your assets have been forfeited. And I considered that aspect as well. You have lost, in that

2

sense, a lot of money, you know, by the forfeiture of all of the property and assets that you have — or most of your assets.

You, on the other hand, have serious medical problems. You are now 57 years old. You know, 87 months from now, I do not think you are going to be wanting to go into the drug business. I think by that time you will be of sufficient age to just, you know, live out your life in a manner that does not involve dealing with drugs and breaking the law.

I think that the sentence that I have imposed, based on the circumstances of the offense, the history and the characteristics of the defendant, meet the needs of society; and it does reflect the seriousness of the offense; and it will show people that you are eventually going to get caught; and that you are eventually going to go, you know, to prison; and that this is a just punishment, along with the forfeitures that you have made and the fine that will be paid, for the offense.

And I think that the sentence that I render will also afford adequate deterrence to further criminal conduct as much as those things have a tendency to do. I do not think that any further or longer sentence would protect the public from any crimes that you may commit in the future. If that does not get the message to you, then I do not think a longer sentence would. And it will also, hopefully, provide you with needed medical care and help you with the drug problem that you have.

Now, as I have said, this is within the range that is applicable under the finding by the court. It is not the lowest sentence that you could get; it is not the highest sentence you would get, but I think it is adequate for the needs here. I, you know, cannot overlook the things that you have done, you know, on the good side as well. But you are now going to have to pay for what you have done.

This statement was made in open court. In a sealed proceeding, the Government objected to the § 5K1.1 departure, but the district court did not make _any_ comments about why the extent of the departure was reasonable or discuss the § 5K1.1 factors.

## DISCUSSION

In sentencing defendants after _Booker_, district courts

3

must first calculate the guideline range, a calculation which is reviewed de novo. United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). If a sentencing court imposes a sentence that includes an upward or downward departure as allowed by the Guidelines, this court reviews both the decision to depart and the extent of that departure for abuse of discretion. Id. at 707; see also United States v. Simkanin, 420 F.3d 397, 415-16 (5th Cir. 2005) (using that standard in reviewing an upward departure). "In assessing the extent of a departure, we continue to look to our pre-Booker case law for guidance." Smith, 440 F.3d at 707. "A district court abuses its discretion if it departs on the basis of legally unacceptable reasons or if the degree of the departure is unreasonable." United States v. Harris, 293 F.3d 863, 871 (5th Cir. 2002) (cited favorably in Simkanin, 420 F.3d at 416 & n.21). Appellate courts must ultimately "determine whether the sentence 'is unreasonable' with regard to" the factors outlined in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005).

Although judges have latitude under § 5K1.1, they must "conduct[] a judicial inquiry into each individual case before independently determining the propriety and extent of any departure in the imposition of sentence." United States v. Johnson, 33 F.3d 8, 9 (5th Cir. 1994). Section 5K1.1 requires the court to state its reasons for imposing the departure, reasons "that may include, but are not limited to, consideration of the following:"

4

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
(3) the nature and extent of the defendant's assistance;
(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1.

Although the enumerated reasons are not the _only_ factors a court may consider in determining the extent of the § 5K1.1 departure, a court must begin to assess a § 5K1.1 departure using the criteria listed by the Guidelines. Further, the additional factors a court may consider must be related to determining the "nature, extent, and significance of assistance." <u>See</u> U.S.S.G. § 5K1.1 Application Note Background. We thus join the majority of circuits in holding that the extent of a § 5K1.1 or § 3553(e) departure must be based solely on assistance-related concerns.[1]

---

[1] <u>See, e.g.</u>, <u>United States v. Pepper</u>, 412 F.3d 995, 998 (8th Cir. 2005) (even though § 5K1.1 provides a non-exhaustive list of factors to consider, the maxim that words are known by their companions requires that any additional factors a district court uses must be related to the defendant's assistance); <u>United States v. Davis</u>, 407 F.3d 1269, 1271 (11th Cir. 2005) ("While the sentencing court had discretion under § 5K1.1 in deciding whether to depart from the guidelines and the extent of that departure, it did not have the discretion to consider factors unrelated to the nature and type of [the defendant's] assistance."); <u>United States v. Bullard</u>, 390 F.3d 413, 416 (6th Cir. 2004) (so holding); <u>United States v. Auld</u>, 321 F.3d 861, 867 (9th Cir. 2003) (same); <u>United States v. Pearce</u>, 191 F.3d 488, 492 (4th Cir. 1999) (same); <u>United States v. Thomas</u>, 11 F.3d 732, 737 (7th Cir. 1994) ("[A] downward departure from the statutory minimum sentence for any purpose other than that provided in U.S.S.G. § 5K1.1 would conflict with and therefore violate the statute [§ 3553(e)]."); <u>United States v. Campbell</u>, 995 F.2d 173, 175 (10th Cir. 1993) (so holding); <u>United States v. Mariano</u>, 983 F.2d 1150, 1156 (1st Cir. 1993) ("While the Commission's list is representative rather than exclusive, the five enumerated factors should be considered the mother lode of substantial assistance inquiries.

The district court here abused its discretion by considering non-assistance-related factors in determining the extent of the § 5K1.1 departure. See Harris, 293 F.3d at 871 (abuse of discretion if district court departs for an impermissible reason); see also United States v. McVay, No. 04-13455, slip. op. at 16 (11th Cir. May 5, 2006) (consideration of improper factors in the context of a § 5K1.1 departure "was error as a matter of law and must be reversed"). Although the district court had discretion to decide "(1) whether to depart from the guidelines based on substantial assistance, and (2) if so, the reasonable extent of that departure, plainly it did not have discretion to consider factors altogether unrelated to the nature and extent of [the defendant's] assistance." Id. at 17.

Moreover, on the record, the extraordinary departure is not supported by the nature of Desselle's assistance. "An extraordinary reduction must be supported by extraordinary circumstances." United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005). Without such a rule, there would be "little room for greater departures for defendants who actually participate in controlled buys, wear wires, give grand jury and trial testimony, or are subjected to significant risk of injury or death to

. . . As a basis for departing, a court may consider mitigating factors only to the extent that they can fairly be said to touch upon the degree, efficacy, timeliness, and circumstances of a defendant's cooperation."). But see United States v. Carey, 382 F.3d 387, 391 (3d Cir. 2004) ("On occasion, and despite the terms of a government recommendation, factors other than those listed in 5K1.1 have been considered in deciding the extent of a departure.").

themselves or their family." <u>United States v. Haack</u>, 403 F.3d 997, 1005-06 (8th Cir. 2005). Desselle did not follow instructions from the FBI agents with whom he dealt and provided little helpful information. These are clearly not the "extraordinary circumstances" required to support a departure of sixty-seven percent.

## CONCLUSION

We VACATE and REMAND Desselle's sentence for resentencing in a manner consistent with § 5K1.1, this opinion, and the Supreme Court's decision in <u>Booker</u>.

**VACATED AND REMANDED.**