United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41635
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARNOLDO ANAYA-VALDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 7:04-CR-808-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Arnoldo Anaya-Valdez appeals the sentence imposed following

his guilty-plea conviction of being found unlawfully in the United

States after a previous deportation in violation of 8 U.S.C.

§ 1326(a) and (b).  He challenges the determination that a criminal

history category of IV substantially under-represented the serious-

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

ness of his prior criminal conduct and the likelihood of recidivism. He argues that the district court erred when it assigned a criminal history category of VI and sentenced him to thirty months of imprisonment, nine months above the top of the pre-departure range. He avers that the court erred by failing to provide an adequate statement of reasons. Finally, he urges that the "felony" and "aggravated felony" provisions of § 1326(a) and (b) are unconstitutional.

Although the record is uncertain regarding whether Anaya-Valdez preserved his arguments, we need not determine whether plain error review governs, because the arguments fail even under the abuse of discretion standard that governs upward departures. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). The district court based its departure on U.S.S.G. § 4A1.3. Anaya-Valdez's sentence is thus a "guidelines sentence." See Smith, 440 F.3d at 707. This court reviews the decision to depart and the extent of the departure for abuse of discretion, ultimately determining whether the sentence is unreasonable under 18 U.S.C. § 3553(a). United States v. Desselle, 450 F.3d 179, 182 (5th Cir. 2006); United States v. Simkanin, 420 F.3d 397, 415-16 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006).

One factor the court considered in its upward departure was a 2002 arrest for misdemeanor possession of marihuana. Although an arrest warrant was issued and remains outstanding, the record does not indicate whether a trial is pending with regard to the 2002

arrest. The record is therefore uncertain regarding whether the court erred by relying on the 2002 arrest. See U.S.S.G. § 4A1.3-(a)(2)(D), (3); United States v. Jones, 444 F.3d 430, 434 & n.6 (5th Cir. 2006), petition for cert. filed (May 23, 2006) (No. 05-11153). Any error was harmless, however, because the record indicates that the district court would have imposed the same sentence had it not relied on Anaya's 2002 arrest. See Williams v. United States, 503 U.S. 193, 203 (1992); United States v. Kay, 83 F.3d 98, 100-01 (5th Cir. 1996).

The 2002 arrest was not the sole basis for the departure. The district court upwardly departed because criminal history category IV substantially under-represented the likelihood of recidivism. That court is not required to predict recidivism with scientific certainty. See Simkanin, 420 F.3d at 418 & n.24.

Anaya-Valdez has a significant history of violent and disruptive behavior, much of which took place while incarcerated. The record indicates that he has a general disrespect for the law, and prior punishment for criminal acts has not deterred him. The court thus did not abuse its discretion when it used recidivism as a basis for the departure. See U.S.S.G. § 4A1.3(a)(1). Additionally, the departure was not so extreme that a more detailed statement than that given by the district court was required. See, e.g., United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994) (en banc); United States v. McKenzie, 991 F.2d 203, 204-06 (5th Cir. 1993). Moreover, as in United States v. Zuniga-Peralta, 442

F.3d 345, 347-49 (5th Cir. 2005), the record indicates the basis of and reasons for the departure. The district court thus adequately complied with § 3553(c)(2).

A departure was necessary based on Anaya-Valdez's history and characteristics, the need to promote respect for the law, and to afford adequate deterrence, which are valid considerations under § 3553(a)(1), (2)(A), and (B). See Desselle, 450 F.3d at 182. Also, the sentence is far shorter than the maximum statutory term of ten years, and the departure's magnitude is not unreasonable. See 8 U.S.C. § 1326(a), (b); Jones, 444 F.3d at 433, 442 & n.62.

Finally, Anaya-Valdez argues that § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This constitutional argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Anaya-Valdez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); see also Rangel-Reyes v. United States, 2006 U.S. LEXIS 4513 (U.S. June 12, 2006). Anaya-Valdez properly concedes that his argument is foreclosed in light of Almendarez-Torres

and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, the judgment is AFFIRMED.