**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 1, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30071
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERONA L. JOHNSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:02-CR-50050
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:[**]

Citing two enhancements, the district court sentenced Verona Johnson to 41 months, the top of the 33 to 41-month Guidelines range. Johnson appealed one of the enhancements, and we remanded for further findings. The district court made those findings and adhered to its previous determination of the Guidelines range, but sentenced Johnson to 33 months, citing her good behavior in

---

[*] This appeal is being decided by a quorum due to the retirement of Judge Pickering. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison. Johnson appealed, for the first time raising a Sixth Amendment/<u>Blakely</u> claim, we affirmed citing circuit precedent, and the Supreme Court vacated and remanded for further consideration in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

As Johnson concedes, we review for plain error because she did not object to her sentence in district court on Sixth Amendment grounds. <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005). Hence she must show an obvious error that "affect[s] [her] substantial rights" and "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Olano</u>, 507 U.S. 725 (1993). A <u>Booker</u> error affects a defendant's substantial rights if the sentencing judge, sentencing under an advisory scheme, would have reached a significantly different result. <u>Mares</u>, 402 F.3d at 521.

Although, as the Government concedes, there was clear <u>Booker</u> error here, Johnson cannot show that the district judge would have given a lower sentence under an advisory scheme. In support of her contention otherwise, she points only to the sentencing judge's statement at sentencing on remand that

> there are limits set out by the guidelines as to what I can sentence you since I have found the enhancement for obstruction of justice applicable. When you were here before, I sentenced you to 41 months. In view of your history [in prison].... Accordingly, I'm going to reduce the sentence to the bottom of the guidelines and order you committed to the custody of the Bureau of Prisons for a term of 33 months.

This statement reveals no express desire to sentence Johnson below the Guidelines range. Although it could be read to reflect an implicit desire to do so, it is more easily read as a statement of fact - the Guidelines provide "limits," still true post-Booker - explaining the choice of 33 months out of all possibilities. Moreover, there is no indication that a downward departure would have been justified under an advisory scheme after consideration of 18 U.S.C. § 3553(a), given the record and the district court's reliance only on post-offense conduct to explain its 33-month sentence, see United States v. Desselle, 450 F.3d 179, 182 (5th Cir. 2006); Mares, 402 F.3d at 519, and we read the district court's statement in light of that.

Consequently, the judgment of conviction and sentence are REINSTATED.