United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-31074
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE JONES,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CR-299-1
---------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tyrone Jones appeals the sentence the district court imposed
on remand for resentencing for his convictions for being a felon
in possession of a firearm and possession of a firearm after
entry of a domestic violence restraining order.  Jones argues
that the district court violated his Sixth Amendment rights by
enhancing his sentence based on his possession of a firearm in
connection with a drug offense, of which the trial jury had
acquitted him.  Jones contends that the jury's verdict of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acquittal denied the district court the authority to impose a sentencing enhancement based on the acquitted conduct. We have held that "[a] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Valdez, ___ F.3d ___, 2006 WL 1644823 at *8 (5th Cir. June 15, 2006) (No. 04-50499)(citing United States v. Watts, 519 U.S. 148, 157 (1997); United States v. Cathey, 259 F.3d 365, 368 (5th Cir. 2001)). The Supreme Court's decision in Watts remains valid after United States v. Booker, 543 U.S. 220 (2005). See United States v. Vaughn, 430 F.3d 518, 526-27 (2d Cir. 2005), cert. denied, 126 S. Ct. 1665 (2006); United States v. Price, 418 F.3d 771, 788 (7th Cir. 2005); United States v. Magallanez, 408 F.3d 672, 684 (10th Cir.), cert. denied, 126 S. Ct. 468 (2005); United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005). Jones has not shown that the district court's enhancement of his sentence based on acquitted conduct was error. See Valdez, 2006 WL 1644823 at *8.

Jones also argues that the sentence imposed on remand by the district court was unreasonable. Following Booker, sentences are reviewed for reasonableness. Mares, 402 F.3d at 518. "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered

all the factors for a fair sentence set forth in the Guidelines."
Id. at 519.  Further, the district court need not give a detailed
explanation for its choice of a sentence that is within the
guidelines range.  Id.  Indeed, there is a presumption that a
post-Booker discretionary sentence imposed within a properly
calculated guidelines range is reasonable.  United States v.
Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

In Jones's case, the district court departed upward pursuant
to U.S.S.G. § 4A1.3(a)(1) because Jones's original criminal
history score seriously underrepresented the seriousness of
Jones's criminal history and the likelihood that he would commit
another crime.  Jones's sentence is thus considered a Guidelines
sentence because the district court's authority to depart derived
from the Guidelines themselves.  See United States v. Smith, 440
F.3d 704, 707 (5th Cir. 2006).  We review both the decision to
depart and the extent of that departure for abuse of discretion.
United States v. Desselle, 450 F.3d 179, 182 (5th Cir. 2006); see
also United States v. Simkanin, 420 F.3d 397, 415-16 (5th Cir.
2005), cert. denied, 126 S. Ct. 1911 (2006).  "A district court
abuses its discretion if it departs on the basis of legally
unacceptable reasons or if the degree of the departure is
unreasonable."  Desselle, 450 F.3d at 182.  In assessing the
extent of a departure, this court continues to look to pre-Booker
case law for guidance.  Id.  This court ultimately determines

whether the sentence is unreasonable with regard to 18 U.S.C. § 3553(a).  Id.

On remand, the district court imposed the same 78-month sentence that it imposed at the original sentencing, stating that it considered the factors set forth in 18 U.S.C. § 3553(a)(1) & (2), and stating that the sentence was appropriate for the reasons previously set forth at the original sentencing.  Our review of the record reveals that the district court gave numerous reasons for the sentence it imposed and these reasons indicate that it considered the factors in § 3553(a)(1) & (2), including the nature of the crime and Jones's history, the need for the sentence to reflect the seriousness of Jones's crime, the need to deter, to protect the citizenry, and to give Jones care or correctional treatment he may need, and the pertinent guidelines range.  See § 3553(a).  Jones has not shown that the district court abused its discretion because it departed on the basis of legally unacceptable reasons or because the degree of the departure was unreasonable.  See Desselle, 450 F.3d at 182.

Jones has also failed to show that the sentence violates the "proportionality principle" of 18 U.S.C. § 3553(a)(6) as he has not presented evidence such as average sentences for similarly situated defendants or a case in which a similarly situated defendant received a lesser sentence.  See Smith, 440 F.3d at 709.

AFFIRMED.