United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**February 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-10434
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO DE LA ROSA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:05-CR-186-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges

PER CURIAM:*

Defendant-Appellant Gustavo De La Rosa appeals his guilty-plea conviction and sentence for illegal reentry following deportation subsequent to conviction for aggravated felony. See 8 U.S.C. § 1326. De La Rosa challenges the district court's upward departure in his sentence on the basis that his criminal history category of V substantially under-represented the seriousness of his prior criminal conduct and the likelihood of recidivism. See U.S.S.G. § 4A1.3(a). He argues that the district court erred when it assigned a criminal history category of VI and increased his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level by three levels.  He also argues that the "felony" and "aggravated felony" provisions of § 1326(a) and (b) are unconstitutional.

De La Rosa's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although De La Rosa contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

We review the decision of the sentencing court to depart, and the extent of the departure, for abuse of discretion, ultimately determining whether the sentence is unreasonable under 18 U.S.C. § 3553(a).  United States v. Desselle, 450 F.3d 179, 182 (5th Cir. 2006), cert. denied, 2007 WL 135707, 75 U.S.L.W. 3196 (2007); United States v. Simkanin, 420 F.3d 397, 415-16 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006).

As determined by the district court, the record indicates that De La Rosa has a general disrespect of the law and that prior punishment for criminal acts has not acted as a deterrent.  The district court thus did not abuse its discretion when it used recidivism as a basis for the departure.  See U.S.S.G. § 4A1.3(a)(1).  Additionally, the extent of the departure was not

"unreasonable," given that De La Rosa had illegally entered this country undetected on three prior occasions and had committed at least one crime in this country on each occasion, and that he was unresponsive to the prison sentences he received for prior crimes. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006); § 4A1.3(a)(2)(E).

AFFIRMED.