IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-41154
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL GARZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:07-CR-189-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Daniel Garza pleaded guilty to one count of possession with intent to distribute more than 1000 kilograms of marihuana. The advisory guideline range

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was 70 to 87 months of imprisonment. The district court granted a downward departure of six months from the low end of the guidelines range and sentenced Garza to 64 months.

Garza challenges his sentence as procedurally and substantively unreasonable. He asserts that the district court misapplied the criteria to determine substantial assistance under U.S.S.G. § 5K1.1. He contends that instead of evaluating his assistance to the Government, the district court utilized the criteria for the application of the safety valve provision. He argues that the error affected the extent of the departure.

Because Garza did not object on these specific grounds in the district court, review is for plain error only. See United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007); United States v. Jones, 489 F.3d 679, 681 (5th Cir. 2007). Under plain-error review, even if there is obvious error that affects substantial rights, we need not correct the error unless failure to do so would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Jones, 489 F.3d at 681.

A district court has discretion to choose the appropriate sentence within the advisory range and to determine "the appropriate extent of a departure." United States v. Alvarez, 51 F.3d 36, 39 (5th Cir.1995); see also United States v. Desselle, 450 F. 3d 179, 183 (5th Cir. 2006). Despite the latitude courts are given under § 5K1.1, a judicial inquiry into each individual case is required to ensure an independent determination of the propriety and extent of any sentencing departure. United States v. Johnson, 33 F.3d 8, 10 (5th Cir.1994). "[T]he court is free to deny departure or to grant a departure which is greater or smaller than that recommended by the government." Johnson, 33 F.3d at 9-10.

The assessment of a departure begins with the factors enumerated in § 5K1.1, but a district court may consider additional factors "related to determining the nature, extent, and significance of assistance." Desselle, 450 F.3d at 182. The extent of a § 5K1.1 departure "must be based solely on assistance-re-

lated concerns." Id.

The record demonstrates that the district court considered the nature and extent of Garza's assistance in the investigation of other criminal activity and the usefulness of his assistance. Because the court based its departure decision on at least two of the § 5K1.1 factors, Garza cannot establish that it committed a violation of law by granting a six-month downward departure rather than the departure recommended by the parties. See Johnson, 33 F.3d at 9-10.

Garza's argument, that the district court misapplied the criteria to determine a departure under § 5K1.1 because the court believed that Garza was required to provide more information than what he had already disclosed to qualify for the safety-valve, is unavailing. The downward departure of six months indicates that the court believed that Garza provided some assistance in excess of that taken into account by the safety-valve provision. Garza has not shown an error that is plain or that affects his substantial rights. See Jones, 489 F.3d at 681.

Garza avers that the district court erroneously reduced the extent of the downward departure in anticipation of a potential future reduction under FED. R. CRIM. P. 35(b) and that that error is a violation of law. Because Garza preserved the objection, we review for abuse of discretion. Desselle, 450 F.3d at 182. "A district court abuses its discretion if it departs on the basis of legally unacceptable reasons or if the degree of the departure is unreasonable." Id. (internal quotation marks and citation omitted).

The district court considered appropriate factors in making the downward departure and did not abuse its discretion by considering future Rule 35 downward departure recommendations in determining the extent of the departure. See Alvarez, 51 F. 3d at 36 n.5. Accordingly, Garza has not shown abuse of discretion. Desselle, 450 F.3d at 182.

Garza contends the district court's failure to grant the extent of the downward departure requested by the government resulted in an unreasonable sen-

tence.  Once an appellate court has decided that there has been no "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence," that court then considers "the substantive reasonableness of the sentence."  Gall v. United States, 128 S. Ct. 586, 594 (2007).  Because Garza did not object to reasonableness in the district court, review is for plain error.  See Hernandez-Martinez, 485 F.3d at 272; Jones, 489 F.3d at 681.

The district court based its sentencing decision on the seriousness of the offense, the need to provide just punishment and respect for the law, and the need to protect the public.  Garza has not shown error, much less plain error, with respect to substantive reasonableness.  See Jones, 489 F.3d at 681.

The judgment is AFFIRMED.