# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 26, 2010

Lyle W. Cayce
Clerk

No. 09-11189
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GILBERT SERRANO, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-71-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gilbert Serrano, Jr., pled guilty to a single count of possession with intent to distribute a controlled substance. The district court departed upwardly from the applicable guidelines sentencing range and sentenced Serrano to 180 months of imprisonment and a five-year term of supervised release. Serrano timely appealed.

Serrano argues that the district court inappropriately departed based on U.S.S.G. §§ 5K2.6 and 5K2.17. The district court found that either provision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

independently justified a departure. The record reflects that the district court departed under Section 5K2.6 based on its determination that the number and nature of the weapons, as well as their proximity to small children, was not adequately accounted for by the two-level increase for weapon possession under U.S.S.G. § 2D1.1(b)(1). As the increase found at Section 2D1.1(b)(1) is triggered by the mere possession of any dangerous weapon, such possession encompasses the heartland of offense characteristics accounted for in Section 2D1.1. The district court found that the substantial distinction between mere possession of any weapon and the possession of numerous semi-automatic weapons, some of them loaded with large amounts of ammunition in close proximity to small children, took this case out of the heartland of Section 2D1.1(b)(1). The district court acted within its wide discretion in departing upwardly under Section 5K2.6. *See United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006). That being the case, we do not reach the departure under Section 5K2.17.

Serrano also challenges the extent of the departure, from an advisory range of 120 to 135 months up to 180 months. In addition, to the extent and nature of Serrano's possession of illegal narcotics and firearms in his family's home, the district court cited as its reasons for the extent of the departure the need to achieve the objectives of punishment, deterrence, and protection of the public. Under the facts of this case, and given the district court's wide discretion in fashioning a sentence, neither the degree of departure nor the sentence as a whole is unreasonable. *United States v. Rajwani*, 476 F.3d 243, 250 (5th Cir.), *modified on other grounds*, 479 F.3d 904 (5th Cir. 2007).

AFFIRMED.