**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2011

Lyle W. Cayce
Clerk

No. 10-40413
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL CAVAZOS-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1751-7

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Daniel Cavazos-Reyes appeals the 20-year sentence he received as a result of his guilty plea conviction for hostage taking. He acknowledges that the sentence constitutes a downward departure pursuant to U.S.S.G. § 5K1.1 from the original guidelines range of life in prison. He maintains, however, that the district court should have imposed a lesser sentence because the court failed to give sufficient weight to the fact that he and his family faced threats as a result of his testimony against members of a violent drug cartel. Cavazos-Reyes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40413

contends that his 20-year sentence is thus unreasonable under the factors set forth in § 5K1.1 and 18 U.S.C. § 3553(a).

This court typically reviews a sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006). However, because Cavazos-Reyes did not object to the substantive reasonableness of his sentence in the district court, we review for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Cavazos-Reyes must present a forfeited error that is clear or obvious and that affects his substantive rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In essence, Cavazos-Reyes is asserting that the district court should have given greater weight to the danger and risks he and his family face as a result of his testimony against codefendants. He maintains that if the district court had provided adequate weight to this factor, it would have departed further to the 10-year sentence requested by defense counsel. The district court was in a superior position to find facts and assess their import, and the district court's determination of the appropriate sentence is entitled to deference. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Because Cavazos-Reyes has failed to show a clear or obvious error arising from the court's imposition of sentence, the judgment of the district court is AFFIRMED. *See Puckett*, 129 S. Ct. at 1429.