**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Luis PANDO, Defendant–**
**Appellant.**

No. 12–10468
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 2012.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Thomas L. Wright, El Paso, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM: *

Jose Luis Pando pleaded guilty to conspiring to possess 500 grams or more of methamphetamine with intent to distribute. The district court sentenced him to 120 months in prison, after granting a Government motion based on substantial assistance pursuant to U.S.S.G. § 5K1.1. Pando appeals, arguing that the district court erred by failing to grant him a minor role reduction, failing to depart more than three levels for substantial assistance, and improperly considering his prior convictions in determining his sentence.

Whether a defendant is a minor participant is a factual determination that we review for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). A minor role reduction applies only "when a defendant is substantially less culpable than the average participant." *Id.* at 203–04 (internal quotation marks and citation omitted).

According to the record, Pando introduced a Confidential Source (CS) to a methamphetamine supplier, Adrian Garcia Baeza; Pando was present during at least two drug transactions involving the CS; and he provided the CS with scales to weigh drugs. Those facts would be enough to support the district court's determination. *See United States v. Tremelling*, 43 F.3d 148, 153 (5th Cir.1995). In addition, Pando twice traveled to Virginia with Baeza to distribute drugs and collect money, and he drove vehicles containing drugs or money for Baeza. According to the factual résumé, Pando, Baeza, and another conspirator used a leased house to store, package, and distribute drugs. Although Pando later denied this in unsworn objections, his signed factual résumé is entitled to great evidentiary weight. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir.1994). Despite Pando's assertions that he was merely a flunky, the district court's determination that he was not a minor participant is plausible in light of the record as a whole and, therefore, is not clearly erroneous. *See Villanueva*, 408 F.3d at 203.

Pando next argues that the district court should have granted a greater departure under U.S.S.G. § 5K1.1 in light of the danger he and family members face as a result of his cooperation. As Pando did not make these arguments in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2009); *United States v. Alford,* 142 F.3d 825, 830 (5th Cir.1998).

Given the near complete discretion courts have in deciding the extent of a departure under § 5K1.1, a defendant cannot appeal that decision "unless the departure was made in violation of law." *United States v. Alvarez,* 51 F.3d 36, 39 (5th Cir.1995). Nevertheless, we have reviewed § 5K1.1 departures to ensure that the district court has based its decision on legally acceptable reasons and performed the appropriate independent inquiry into the particular case. *See United States v. Desselle,* 450 F.3d 179, 182 (5th Cir.2006).

Pando offers only conclusional assertions that the extent of the departure is not sufficient to reflect the danger to him or his family based on his assistance. The Government's § 5K1.1 motion noted that Pando and his family could be in danger, and that retaliation is always possible in cases involving large sums of money and drugs. The Government nevertheless recommended a departure to a range of 97 to 121 months, which was entitled to substantial weight. *See United States v. Johnson,* 33 F.3d 8, 10 (5th Cir.1994). We see no clear or obvious error in the court's consideration of the departure. *See Puckett,* 556 U.S. at 135, 129 S.Ct. 1423.

Finally, Pando argues that the court improperly relied on his DWI convictions to determine his sentence because they were already accounted for in his criminal history score. We again review for plain error. Courts may consider factors already accounted for by the Guidelines in determining a sentence outside the guidelines range. *See United States v. Brantley,* 537 F.3d 347, 350 (5th Cir.2008). Thus, Pando has shown no clear or obvious error. *See Puckett,* 556 U.S. at 135, 129 S.Ct. 1423. To the extent that the district court erred by considering a factor unrelated to assistance, *see Desselle,* 450 F.3d at 182, an issue that Pando does not raise, we discern no effect on his substantial rights given the court's reliance on the proper factors set out in the Government's motion. *See United States v. Duhon,* 541 F.3d 391, 397 (5th Cir.2008). Further, as the Government points out, the three-level departure the Government recommended in this case should have resulted in a range of 121 to 151 months, not the lower range of 97 to 121 months calculated by the Government in its motion.

The judgment of the district court is AFFIRMED.