# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2013

No. 12-60781
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

UNDRAKE LAWMARCO LANE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-160-10

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Undrake Lawmarco Lane appeals the 68-month sentence he received as a result of his guilty plea conviction for distribution of over 28 grams of cocaine base. The district court granted Lane a downward departure pursuant to U.S.S.G. § 5K1.1 in light of his substantial assistance to the Government. Lane contends that the court erred in determining the extent of the downward departure because it incorrectly took into account the potential sentences that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his codefendants would receive. Additionally, he asserts that the sentence is substantively unreasonable under the factors set forth in 18 U.S.C. § 3553(a).

This court typically reviews a sentence for reasonableness, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006). Although Lane challenged the substantive reasonableness of the imposed sentence before the district court, he did not argue that the court improperly considered factors in determining the extent of the downward departure. Accordingly, we review that argument for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Although the district court may not consider sentencing disparities to determine *whether* to grant a downward departure, Lane may not challenge the consideration of the sentences received by other defendants in assessing the appropriate *extent* of that departure. *See United States v. Alvarez*, 51 F.3d 36, 39-41 (5th Cir. 1995); *see also Desselle*, 450 F.3d at 182 (noting that a district court could consider other factors to determine the amount and significance of the assistance provided, as long as the ultimate extent of the departure was based solely on assistance-related factors). Thus, Lane is unable to show a clear or obvious error affecting his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Because Lane does not allege a legal error in the district court's assessment of the departure, his challenge to the extent of that departure is not reviewable under § 5K1.1. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006).

With respect to his challenge to substantive reasonableness, Lane asserts that the district court should have granted a greater departure in light of his substantial and significant assistance and should not have taken into account the sentences likely to be received by his codefendants. The district court was in a superior position to find facts and assess their import, and the district court's determination of the appropriate sentence is entitled to deference. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). "The

fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.  Morever, as explained above, the district court was entitled to consider the sentences of other defendants in assessing the extent of the departure.  *See Alvarez*, 51 F.3d at 39-41.  Because Lane has failed to show that the district court abused its discretion in imposing the sentence, the judgment of the district court is AFFIRMED.  *See Gall*, 552 U.S. at 51.