# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2014

Lyle W. Cayce
Clerk

No. 14-30001
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONATHAN QUINN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CR-89-4

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ronathan Quinn pleaded guilty to conspiracy to possess with intent to distribute cocaine and cocaine base. The presentence report (PSR) calculated a guideline range of 70 to 87 months, but the statutory minimum sentence was 240 months, so 240 months became the guideline sentence. U.S.S.G. § 5G1.1(b). The Government moved for a sentence below the statutory minimum based on Quinn's assistance under 18 U.S.C. § 3553(e). Quinn

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argued for a sentence of 70 months.  The Government recommended a sentence of 87 months but said it would not object to a lower sentence.  The court sentenced Quinn to 99 months in prison.

Quinn contends that his sentence was unreasonable because the district court rejected the joint recommendation of a 70-to-87-month sentence without providing reasons.  He also cites *United States v. Desselles*, 450 F.3d 179, 182 (5th Cir. 2006), for holding that the extent of a departure based on substantial assistance "must be based solely on assistance-related concerns," and he argues that his assistance was extremely valuable.

Sentences are typically reviewed for reasonableness under an abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007).  We presume that a sentence within a properly calculated guideline range is reasonable.  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  We have also afforded that presumption to a sentence below the guideline range.  *See United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011).  If a sentence is outside the guideline range, we "must give due deference" to the sentencing court's weighing of the § 3553(a) factors, and even our reasonable conclusion "that a different sentence was appropriate is insufficient to justify reversal."  *Gall*, 552 U.S. at 51.

The Government argues that plain-error review applies to Quinn's claims because Quinn neither asked for further reasons nor objected to the court's consideration of factors unrelated to his assistance.  Quinn did not object to the district court's consideration of factors unrelated to his assistance.  We therefore review that claim for plain error, though Quinn arguably invited or waived any error by arguing for consideration of other factors such as his age, the staleness of a prior conviction, and his nonviolent history.

No. 14-30001

To show plain error, Quinn must show a forfeited error that was "clear or obvious, rather than subject to reasonable dispute" and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does, we have discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the judicial proceedings. *Id.*

Even if we assume that the court erred by considering improper factors in departing, Quinn does not explain how that error worked to his detriment; indeed he still urges consideration of other factors as warranting a lesser sentence. Quinn has not shown that any error affected his substantial rights or seriously affected the integrity, fairness, or public reputation of the judicial proceedings. *See Puckett*, 556 U.S. at 135. This contention warrants no relief.

Concerning the district court's alleged failure to explain the sentence, it is not clear that review should be for plain error. But we need not decide that, because the district court adequately explained that it had considered the relevant facts of the case, the relevant legal factors, and Quinn's arguments.

Moreover, as Quinn concedes, his "guideline" sentence for purposes of a deviation remained 240 months; it was not replaced by the 70-to-87-month range calculated in the PSR merely because the Government moved for a departure under § 3553(e). *See United States v. Carter*, 595 F.3d 575, 579 80 (5th Cir. 2010). Accordingly, Quinn's sentence was not an upward departure from 87 months, but rather a downward departure from 240 months. Quinn has not rebutted the presumption that it was reasonable. *See Murray*, 648 F.3d at 258. The judgment is AFFIRMED.