# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11063
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENDRA WARD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-21-6

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kendra Ward was convicted pursuant to a guilty plea of conspiring to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B). She appeals the 220-month, below-guidelines sentence, imposed in her case on the grounds that it is procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11063

First, Ward contends that the district court erred in denying her a reduction in her offense level pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility.  She argues that she met almost all of the criteria for acceptance of responsibility and that her continued contact with her co-defendant and romantic partner should not have precluded a reduction.  However, a district court may find that a defendant's conduct is inconsistent with acceptance of responsibility if, as in this case, she fails to terminate or withdraw from her criminal conduct or associations or if she fails to abide by the conditions of her pre-trial release.  *See* § 3E1.1, comment. (n.3); *United States v. Hooten*, 942 F.2d 878, 882-83 & n.11 (5th Cir. 1991).  Ward has not shown error.

Next, Ward argues that the district court improperly limited the degree of her downward departure under U.S.S.G. § 5K1.1 by departing from the sentencing guideline range that would have applied based on her uncharged offense conduct if the prosecutor's charging decision had not resulted in a 240-month statutory maximum term of imprisonment for her offense.  We have jurisdiction to consider Ward's claim because a district court commits a violation of law if it fails to base the extent of a § 5K1.1 departure solely on assistance-related concerns.  *See United States v. Malone*, 828 F.3d 331, 341 (5th Cir.), *cert. denied*, 137 S. Ct. 526 (2016); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).

We will review Ward's claim for plain error only because she did not raise her argument in the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To show plain error, Ward must show that an error occurred, that the error was clear or obvious, and that the error affected her substantial rights.  *Id.*  If she makes that showing, we have the discretion to correct the error if it seriously affected the integrity, fairness, or public reputation of the proceedings.  *Id.*

No. 16-11063

The district court's statements at sentencing do not make clear whether it based the extent of Ward's downward departure only on assistance-related factors or whether it also considered Ward's offense conduct and the fact that her charges precluded her from being subject to a much higher sentence.  Even if we assume that the district court erred by conflating its consideration of the extent of the § 5K1.1 departure with its consideration of relevant 18 U.S.C. § 3553(a) factors, we nevertheless conclude that Ward has not shown that any error affected her substantial rights.  The record does not establish that, but for the alleged consideration of those factors, Ward would have received a shorter sentence.  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010); *cf. Malone,* 828 F.3d at 341 (finding no plain error where the district court merely "muddled the steps" in formulating the sentence).

Finally, Ward argues that her sentence is unreasonable because it was based in part on the district court's improper consideration of her uncharged conduct and the effect of the prosecutor's charging decision in determining her sentence.  Because Ward did not raise her argument in the district court, we will review the claim for plain error only.  *See Puckett*, 556 U.S. at 135.  Ward has not shown that the district court improperly considered her uncharged conduct and the effect of the prosecutor's charging decision on her sentence. Those facts were relevant to the nature and circumstances of Ward's offense as well as her history and characteristics.  The district court had the discretion to consider the extent of Ward's assistance and her full offense conduct, criminal history, and other § 3553(a) factors in determining her ultimate sentence.  *See* § 3553(a).

The judgment of the district court is AFFIRMED.